# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Supreme Raheem Ackbar, | ) | Civil Action No. 4:19-1373-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Christopher Monaco *et al*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 17) recommending the Court dismiss Plaintiff's Complaint. For the reasons set forth below, the Court adopts the R & R as the order of the Court and Plaintiff's Complaint is dismissed. Further, Plaintiff's Motion to Strike (Dkt. No. 19) is denied.

## I. Background

On May 10, 2019, Plaintiff Supreme Raheem Ackbar filed a complaint under 42 U.S.C. § 1983 against thirteen Defendants claiming that the Defendants deprived him of his rights under the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments. (Dkt. No. 1.) On June 17, 2019, Plaintiff filed an amended complaint (Dkt. No. 10). On August 23, 2019, the Magistrate Judge recommended dismissing the Complaint without service of process, pursuant to 28 U.S.C. § 1915(e)(2), which permits a court to dismiss a complaint if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" (Dkt. No. 17.) Plaintiff filed non-specific, conclusory objections, stating that the R & R is "without factual findings and clearly another conscious act of wrong doing." (Dkt. No. 20.) Plaintiff also asserted that the R & R contained "scandalous matter" and made vague reference to the judges in this case having a "personal bias." (*Id.*) Plaintiff further, on the same day, filed a motion to strike, largely re-stating his Complaint,

1

and failing to identify what Plaintiff seeks to strike. (Dkt. No. 19.) Nonetheless, the Court assessed the allegations and argument contained in the motion to strike in reviewing the R & R. This matter is now ripe for disposition.

## II. Legal Standard

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL

1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff filed objections, and the R & R is reviewed *de novo*.

## III. Discussion

As the Magistrate Judge correctly held, Plaintiff's claims arising out of his disciplinary hearing for having contraband, a phone charger, is meritless. (Dkt. No. 10 at 19.) "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Notably, while Plaintiff claims he was not allowed to confront witnesses against him, inmates are not entitled to confront witnesses against them. *Id.* at 567-70. Regardless, Plaintiff's own allegations show he was provided notice and a hearing on the discipline against him.

Plaintiff's requested relief requests the implementation of "God Center Culture Islam Way of Life," "outside mental and medical health care," return of property of "extraordinary value" and "release…from false imprisonment." (Dkt. No. 10 at 9.) Plaintiff fails to include any allegations in the complaint concerning religion, religious property or medical care and the claims are therefore subject to dismissal. To the extent the return of property relates to the phone charger and the disciplinary hearing, this Court does not have appellate jurisdiction. The Plaintiff also does not explain what he means by "false imprisonment," yet the proper vehicle to challenge imprisonment is a habeas petition, not a § 1983 action. Further, to the extent the Plaintiff is challenging a particular security classification in prison, as the Magistrate Judge correctly held, an inmate cannot challenge his classification on constitutional grounds. Finally, as the Magistrate Judge correctly held, both the Amended Complaint and Complaint fail to allege facts raising a constitutional claim against any individual defendants, and entirely fails to allege facts regarding supervisory liability under §1983.

3

To the extent Plaintiff seeks the recusal of Judge Gergel and Judge Rogers in his objections, that request is denied. *See Liteky v. United States*, 510 U.S. 540, 551 (1994) ("[T]he judge is not…recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes… necessary to completion of the judge's task").

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 17) as the order of the Court. Plaintiff's motion to strike (Dkt. No. 19) is **DENIED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 1 ___, 2019
Charleston, South Carolina